UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK H. ENSLEY | CIVIL ACTION |
| VERSUS | NO. 22-4648 |
| DANIEL FLEISCHMAN, ET AL. | SECTION "B" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Mark H. Ensley filed a complaint pursuant to 42 U.S.C. § 1983 which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.      BACKGROUND AND FACTUAL ALLEGATIONS**

**A.      The Complaint**

Ensley was an inmate housed in the St. Tammany Parish Jail when he submitted the captioned *pro se* and *in forma pauperis* complaint for filing on November 17, 2022. ECF No. 7, at 2, ¶II; *id*. at 5 (dated signature); ECF No. 1, at 5 (Original Deficient Complaint). Ensley named six defendants, Warden Daniel Fleischman, attorney Ross M. Lagarde, St. Tammany Parish Jail, St. Tammany Parish Sheriff's Office, St. Tammany Parish Government, and the Louisiana Department of Public Safety and Corrections ("DOC"), but did not include a statement of claims in his complaint. ECF No. 7 at 4, ¶III(B)-(G); *id*., ¶IV. As relief, he asked only that the Warden be fired. *Id*. at 6, ¶V.

On January 6 and February 3, 2023, after Ensley did not comply with the clerk of court's notice of deficiency, the court issued orders for Ensley to show cause why his complaint should not be dismissed in part because he failed to provide a statement of claims against the named defendants. ECF Nos. 3, 5. Ensley did not directly respond to that portion of the court's show cause orders. Instead, he persisted in inundating the clerk of court's office with mailings of significant amounts of paper, including but not limited to partially completed and disordered pages from prisoner § 1983 complaint forms. Many of these forms and papers included the case number for this and/or Ensley's other cases filed in the Eastern District of Louisiana and state courts, but none were clearly responsive to the court's show cause orders for Ensley to provide a statement of his claims against the named defendants in *this* case.

**B.     Status Conference**

To facilitate matters, the court held a status conference on June 5, 2023, with Ensley participating by video. ECF Nos. 6, 10. The purpose of the conference was to provide Ensley an opportunity to articulate the claims he intended to assert against the defendants identified in this case and to discuss Ensley's submission of repetitive and voluminous, irrelevant papers to the clerk of court. ECF No. 10; ECF No. 8 (citing ECF No. 6, at 3). The court previously directed the clerk of court to provide Ensley with a *Bates*-stamped copy of the 714 pages of documents received from him between January 27, 2023, and March 31, 2023. ECF No. 8. Ensley was ordered to review the documents and be prepared to identify at the hearing which if any of the pages were relevant to the captioned case.

At the conference, Ensley indicated that the jail's mailroom officers did not give him the 714 pages of documents sent for his review. ECF No. 10. Despite this, Ensley also indicated that he sent the same 714 pages of documents to the Louisiana Supreme Court and requested that the

court send him another copy for his review. Nevertheless, the court had Ensley identify the claims he sought to assert in this case and instructed him that he was not to include claims already addressed in his other complaints.[1] Ensley indicated that he had three claims he intended to pursue:

(1) he sued the St. Tammany Parish Sheriff's Office because he was falsely arrested by sheriff's deputies on May 30, 2022, on charges of cruelty to animals, stalking, and harassment by telephone brought against him in the 22nd Judicial District Court for St. Tammany Parish, Louisiana;

(2) he sued the St. Tammany Parish Jail and St. Tammany Parish Government because Assistant Warden Simmons and Deputy Stephanie Atkins (who are not named in this complaint but run the mailroom) have not provided him with enough copies of § 1983 complaint forms or the AO240 federal court pauper application forms; and

(3) the St. Tammany Parish Jail officials have refused to provide him with a paper copy of the Bill of Rights so he could review which of his rights were being violated at the jail.[2]

In support of his claims, Ensley stated that he was represented by appointed indigent counsel, Stephanie Wahl, in his criminal case. He was unsure of his conviction status but heard from jail officials that he was convicted. He also stated that Deputy Atkins in the mailroom did not provide him with as many copies of the federal court complaint and pauper forms as he wanted. He claimed that Deputy Atkins sometimes gave him the pauper application for the 22nd Judicial District Court for St. Tammany Parish and not the federal pauper form. He claims that this delayed his ability to file his federal complaints. Ensley also claimed that he needed a hard copy of the Bill of Rights because he did not want to stand at the kiosk to read through the digital copy in the library that was available to him.

After the conference, the court arranged for an additional copy of the 714 pages of documents to be sent to the prison for Ensley to review and ordered that he notify the court in

---

[1] For example, Ensley stated that as a result of his alleged false arrest, he was imprisoned and eventually assaulted by another inmate, Maurice Tabb. This claims was asserted and resolved in Ensley's prior case, Civil Action 22-4605"H"(5). Any effort to reassert the claim here would be duplicative and subject to dismissal as malicious under § 1915(e).
[2] ECF No. 10, at 2.

3

writing which, if any, contained the claims he sought to assert in this complaint. ECF No. 10, at 3-4. On July 6, 2023, the court received a response from Ensley in which he indicated, among other things, that every one of the 714 pages demonstrated that the defendants, and other defendants named in his various other complaints, were abusing him and his civil rights. ECF No. 11. He also asserted that his appointed counsel Stephanie Wahl "railroaded" him in his state criminal proceedings and without elaboration, that he has served his sentence following his conviction on misdemeanor charges. In a second document received that day, Ensley referenced a number of different case captions and indicated that he was still waiting for jail officials to provide him with copies of more § 1983 forms, pauper forms, and copies of the Bill of Rights and his ADA rights. ECF No. 12.

  C. **<u>Ensley's Unfiled Documents</u>**

Other than his statements at the hearing held June 5, 2023, Ensley has failed to provide the court with information or identified the basis for his claims against the defendants named in this case. Nevertheless, the court has reviewed the 714 pages of documents submitted to the clerk of court by Ensley and observed the following information potentially related to his claims in this case.

On September 28, 2022, Ensley submitted a mailroom request for copies including "15 1983 Civil Rights forms" to be delivered every Tuesday and Thursday until he received a total of 90 forms.[3] On December 29, 2022, Deputy Atkins responded that she had already spoken to Ensley about the matter.[4] Ensley later wrote on a piece of paper sent to the clerk of court that he wanted new mailroom personnel because Deputy Atkins did not provide him with enough § 1983

---

[3] Ensley, Mark Unfiled Submissions 1-27-23 - 3-31-23, at 710. This electronic document is in the custody of the clerk of court's office.
[4] *Id*.

complaint forms in January 2023.[5] He repeated this same claim about Atkins not providing forms on papers indiscriminately throughout the documents he sent to the clerk of this court.[6]

On the back of a deficiency form sent to him by the clerk of this court, Ensley handwrote a note that on January 16, 2023, he submitted a complaint about Deputy Atkins refusing to give him copies of the United States Bill of Rights.[7]

Ensley included a copy of a January 19, 2023, letter to the "New Orleans Law Library" asking for, among other things, three copies of the Bill of Rights, 150 sets of § 1983 complaint forms, three sets of FOIA and ADA forms, and three copies of "the definition of 'harangue.'"[8] Accompanying that letter is a document Ensley purportedly received from the Louisiana Supreme Court advising him that the court did not have the § 1983 forms he wanted and suggested that he write to this federal court.[9]

On January 24, 2023, Ensley submitted a mailroom request for "90[sets] of cvl rights forms."[10] Deputy Atkins responded, "OK" on January 25, 2023. Ensley handwrote a note on that request indicating that he received two sets of § 1983 civil rights complaint forms from Deputy Atkins on January 26, 2023.

On January 30, 2023, Ensley submitted another mailroom request for "15 sets of 1983cvl rights" complaint forms.[11] Deputy Atkins responded, "OK" on January 31, 2023. Ensley handwrote a note on the request indicating that on February 2, 2023, he received the § 1983 civil rights complaint forms but not 15 sets of the pauper applications.

---

[5] *Id*. at 101.
[6] *See*, *Id*. at 221, 261, 366, 695, 697.
[7] *Id*. at 77.
[8] *Id*. at 90.
[9] *Id*. at 91.
[10] *Id*. at 66.
[11] *Id*. at 192.

In statements included in other partially completed pages from § 1983 complaint forms, Ensley repeated his cursory claims against the Sheriff and the DOC as being responsible for his false arrest.[12]

Ensley also sent the clerk of court an inmate grievance complaint form in which he complains that, between December 2022 and February 2023, Deputy Atkins refused to deliver to him § 1983 and pauper forms even though the court instruction's on the form indicates that the pauper application is attached to the form complaint.[13] This grievance bears no file stamp, signature, or any indication that Ensley submitted it to prison officials.

## II.     LEGAL STANDARDS

### A.     Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[14] A claim is frivolous if it "lacks an arguable basis in law or fact."[15] A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[16] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[17] A court may not dismiss a claim simply because the facts are "unlikely."[18]

---

[12] *Id*. at 103, 708.
[13] *Id*. at 200.
[14] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998).
[15] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
[16] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[17] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).
[18] *Id*.

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[19] The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[20] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[21]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[22] Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[23]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. P. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[24] If an *in forma pauperis* complaint lacks

---

[19] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[20] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).
[21] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and quoting *Twombly*, 550 U.S. at 544).
[22] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).
[23] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[24] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).

even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[25] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[26]

### B.   Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[27]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[28]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)   deprivation of a right secured by the U.S. Constitution or federal law;
(2)   that occurred under color of state law; and
(3)   was caused by a state actor.[29]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[30] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[31] "The traditional definition of acting under color of state law

---

[25] *Id*.
[26] *Id*.
[27] 42 U.S.C. § 1983.
[28] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[29] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).
[30] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[31] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[32]

### III. ANALYSIS

#### A. Improper Defendants

As stated above, to recover under § 1983, the plaintiff must identify both the constitutional violation and the responsible person acting under color of state law.[33] Affording Ensley's complaint, statements, and other documents a broad construction, he has identified several defendants that are not persons subject to suit under § 1983.

##### 1. St. Tammany Parish Jail

Ensley has named the St. Tammany Parish Jail as a defendant. "[A] prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term."[34] A § 1983 action must be filed against an actual identified person, not the jail or its departments, like a mailroom.[35]

The claim against the St. Tammany Parish Jail should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e as frivolous and for failure to state a claim for which relief can be granted.

---

[32] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984).
[33] *See Flagg Bros., Inc.*, 436 U.S. at 155–56 (stating the respondents are first bound to show that they have been deprived of a constitutional right and that the individual named, *i.e.* Flagg Brothers, deprived them of this right while acting under color of state law).
[34] *Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. 2008) (citations omitted); *Jones v. St. Tammany Par. Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) ("A parish jail is not [a suable] entity, but a building").
[35] *See Carter v. Strain*, No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009) (citing *August v. Gusman*, No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 06-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *Banks v. United States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007)).

### 2. St. Tammany Parish Sheriff's Office

Ensley names the St. Tammany Parish Sheriff's Office as a defendant this case. "However, a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action."[36] The State of Louisiana grants no such legal status to any law enforcement office or department.[37] Further, a sheriff's office is not a "person" for purposes of § 1983 liability.[38]

Because the St. Tammany Parish Sheriff's Office is not a person or suable entity to be held liable under § 1983, Ensley's claims against it must be dismissed pursuant to § 1915 and § 1915A as frivolous and otherwise for failure to state a claim upon which relief can be granted.

### 3. Attorney Ross Lagarde

Ensley named an attorney, Ross Lagarde, as a defendant. Ensley has not provided any details regarding this defendant or any claims he asserts against him. Even if he had, neither private attorneys nor appointed counsel are considered persons for purposes of § 1983.[39] For this reason, Ensley's claims against this attorney are frivolous and otherwise fail to state a claim for which relief can be granted under § 1983. The claims against Lagarde also must be dismissed pursuant to § 1915(e) and § 1915A.

---

[36] *Francis v. Terrebonne Par. Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Par. Council-Pres. Govt.*, 279 F.3d 273, 283 (5th Cir. 2002); *Williamson v. Louisiana*, No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008); *Fitch v. Terrebonne Par. Sheriff Dep't*, No. 06-3307, 2006 WL 2690077, at *2 (E.D. La. Sept. 18, 2006); *Martinez v. Larpenter*, No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); *Causey v. Par. of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D. La. 2001); *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988)); *Martin v. Davis*, No. 06-1770, 2007 WL 763653, at *2 (E.D. La. Mar. 8, 2007) (citing LA. STAT. ANN. § 33:361).
[37] *Liberty Mut. Ins. Co. v. Grant Par. Sheriff's Dep't*, 350 So. 2d 236, 238 (La. App. 3d Cir. 1977).
[38] *Calhoun v. Sanderson*, No. 01-3765, 2003 WL 1595088, at *5 (E.D. La. Mar. 25, 2003) (citation omitted); *Creppel v. Miller*, No. 92-2531, 1993 WL 21408, at *1 (E.D. La. Jan. 22, 1993) (citation omitted).
[39] *See Polk County v. Dodson*, 454 U.S. 312 (1981) (public defenders do not act under color of state law under 42 U.S.C. § 1983 when performing the traditional functions of counsel to a criminal defendant); *Mills v. Crim. Dist. Ct. #3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.").

B.     **Louisiana Department of Public Safety & Corrections**

Under a broad interpretation of his assertions, Ensley has named the DOC as a defendant because he was arrested and prosecuted on criminal charges. Under the Eleventh Amendment, however, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent."[40] Eleventh Amendment immunity[41] "extends to 'arms of the state,' and to a state's 'officials acting in their official capacities.'"[42] The United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. *See* LA. REV. STAT. ANN. § 13:5106(A).
>
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.[43]

The DOC is a department within the Louisiana state government.[44] While a State may expressly waive sovereign immunity, Louisiana has by statute declined to do so.[45] This federal

---

[40] *Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729, 735 (5th Cir. 2020) (citing *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011)); *Rodriguez v. Tex. Comm'n on the Arts*, 199 F.3d 279, 280 (5th Cir. 2000) (addressing U.S. CONST. amend. XI).

[41] The United States Fifth Circuit Court of Appeals has explained that the term "'Eleventh Amendment immunity' is a misnomer . . . because that immunity is really an aspect of the Supreme Court's concept of state sovereign immunity and is neither derived from nor limited by the Eleventh Amendment. *Canada Hockey, L.L.C. v. Texas A&M Univ. Athletic Dep't*, No. 20-20503, 2021 WL 4096928, at *3 n.3 (5th Cir. Sep. 8, 2021) (citations omitted). "'Eleventh Amendment immunity' has been used loosely and interchangeably with 'state sovereign immunity' to refer to a state's immunity from suit without its consent in federal courts." *Id.*

[42] *Med. RX/Sys., P.L.L.C. v. Tex. Dep't of St. Health Servs.*, 633 F. App'x 607, 610 (5th Cir. 2016) (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Mich. Dep't of St. Pol.*, 491 U.S. 58, 71 (1989)).

[43] *Cozzo*, 279 F.3d at 280-81 (quotation marks and citations omitted); *Champagne v. Jefferson Par. Sher.'s Office*, 188 F.3d 312, 313-14 (5th Cir. 1999); *McGuire v. Lafourche Par. Work-Release Facility*, No. 09-6755, 2009 WL 4891914, at *3-4 (E.D. La. Dec. 4, 2009).

[44] LA. STAT. ANN. § 36:401.

[45] LA. STAT. ANN. § 13:5106(A); *see Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dep't of Highways*, 780 F.2d 268, 1271-73 (5th Cir. 1986).

court, therefore, lacks subject matter jurisdiction over a complaint against the DOC.[46] Ensley's claims against the DOC also must be dismissed pursuant to § 1915(e) and § 1915A as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant.

### C. Warden Daniel Fleischman and St. Tammany Parish Government

At the June 5, 2023, conference, Ensley advised the court that he sued Warden Fleischman and St. Tammany Parish Government because the Assistant Warden Simmons and Deputy Atkins were not providing him with enough copies of § 1983 forms and federal pauper applications. While he concedes, and his numerous documents show, that he was receiving a multitude of form complaints and pauper forms from the clerk of court and Deputy Atkins, he claims that it was not enough. He also stated that, although an electronic copy was available in the library, the prison officials had not provided him with a hard copy of the Bill of Rights which he wanted to review to see which of his rights were being violated at the jail.

To hold a defendant individually liable under § 1983, plaintiff must establish either that the defendant was "personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of [the defendant] . . . and the alleged constitutional violation."[47] Plaintiff has failed to allege or establish that Warden Fleischman was personally involved in the distribution of forms and other legal materials. He also does not allege a causal connection exists between any act by the Warden and the alleged constitutional violations.

---

[46] *Warnock v. Pecos Cnty., Tx.*, 88 F.3d 341, 343 (5th Cir. 1996); *Wallace v. Edwards*, No. 93-3651, 1994 WL 399144, at *1 (5th Cir. July 21, 1994) (per curiam) (concluding that the Governor of Louisiana was shielded by state sovereign immunity).
[47] *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *accord Cox v. Irby*, 281 F. App'x 390, 391 (5th Cir. 2008); *Kohler v. Englade*, 470 F.3d 1104, 1114-15 (5th Cir. 2006).

To the extent Ensley named the Warden as a supervisory figure at the jail, there is no *respondeat superior* liability under § 1983.[48] The Warden cannot be held liable under § 1983 simply because deputies at the jail were in his employ or under his supervision.[49] "A supervisory official may be held liable for his subordinates' actions under § 1983 only if the official implemented an unconstitutional policy that causally resulted in plaintiff's injury.[50] Ensley has made no such claim about the Warden. He has not referenced any order, training, or other policy implemented by the Warden that factored into the events about which he complains.[51]

Similarly, Ensley cannot seek to hold the St. Tammany Parish Government liable for the actions of jail personnel without pointing to some parish policy that led to the violation of his constitutional rights, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.[52]

---

[48] *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996); *accord Field v. Corr. Corp. of Am. Inc.*, 364 F. App'x 927, 929 (5th Cir. 2010); *Cox*, 281 F. App'x at 391; *Kohler*, 470 F.3d at 1114-15.
[49] *Sanders v. English*, 950 F.2d 1152, 1160 (5th Cir. 1992); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979); *Barksdale v. King*, 699 F.2d 744, 746 (5th Cir. 1983).
[50] *Monell v. Dep't of Soc. Servs. City of New York*, 436 U.S. 658, 691–95 (1978); *Thompson v. Johnson*, 348 F. App'x 919, 921 (5th Cir. 2009) (citing *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992)); *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).
[51] *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) (Supervisory officials "are not liable for the actions of subordinates on any theory of vicarious liability" and will only be liable if the official "implement[s] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."); *Douthit*, 641 F.2d at 346 (a defendant is liable under § 1983 only if he had personal involvement in the alleged unconstitutional act); *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998) (a supervisory official may be liable for the acts of a subordinate if the plaintiff can establish that the supervisor either failed to supervise or train the subordinate, that a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights, and the failure to train or supervise amounted to deliberate indifference); *Pierce v. Hearne Indept. Sch. Dist.*, 600 F. App'x 194, 199 (5th Cir. 2015) ("Deliberate indifference in this context ordinarily requires a pattern of similar constitutional violations by untrained employees . . .") (citing *Connick v. Thompson*, 563 U.S. 51, 62 (2011); *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003)).
[52] *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citations and quotation omitted).

"A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."[53] Rather, he must identify the specific policy or custom which allegedly caused the deprivation of his constitutional rights.[54] Additionally, "the mere failure to investigate the basis of a subordinate's discretionary decisions does not amount to a delegation of policymaking authority."[55]

Ensley has not alleged that his constitutional rights were violated as a result of any Parish policy or custom at the jail, nor has he identified any alleged policy or custom promulgated by the Warden or the Parish. In fact, Ensley does not allege that the Warden served as a policymaker for the jail or the Parish. In short, Ensley has not alleged or established the essential elements of a claim against the Parish or a claim of personal involvement by Warden Fleischman in any act causing the alleged violation of his constitutional rights.

Even if Ensley could point to a policy or directive in place at the jail or would seek to add a claim against Deputy Atkins, he has not alleged a violation of a constitutional right arising from the failure to provide him with an excessive number of form complaints or pauper orders or a hard copy of the Bill of Rights to peruse at his convenience. Prisoners have a First Amendment right of meaningful access to the courts through adequate law libraries or assistance from legally-trained personnel.[56] However, prisoners do not have a specific right to a law library.[57] Instead, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for assuring 'a reasonably adequate opportunity to present claimed violations of fundamental

---

[53] *Colle v. Brazos Cnty.*, 981 F.2d 237, 245 (5th Cir. 1993); *see also Wetzel v. Penzato*, No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009).
[54] *See, e.g., Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003); *Wetzel*, 2009 WL 5125465, at *3.
[55] *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848 (5th Cir. 2009).
[56] *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Dickinson v. TX, Fort Bend County*, 325 F. App'x 389, 390 (5th Cir. 2009); *Sandoval v. Johns*, 264 F.3d 1142, 2001 WL 822779, at *1 (5th Cir. 2001); *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998); *Degrate v. Godwin*, 84 F.3d 768-69 (5th Cir. 1996).
[57] *See Lewis v. Casey*, 518 U.S. 343, 350 (1996).

constitutional rights to the courts.'"[58] In addition, "while the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has *not* extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court."[59] The Court required only that prisons have some program through which the inmates were provided with the ability to file claims in court.[60]

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.[61]

The Supreme Court also did not mandate "that the State must enable the prisoner to discover grievances and to litigate effectively once in court."[62] Instead, the Court required only some program through which the inmates were provided with the ability to file non-frivolous claims in court.[63]

Under established precedent, a prisoner's rights to a law library and legal assistance are not without limits. For example, the right does not extend to those who are represented by counsel in a criminal proceeding.[64] Further, in *Lewis*, the Supreme Court explained that the inmate must

---

[58] *Id*. at 351 (quoting *Bounds*, 430 U.S. at 825); *Mendoza v. Strickland*, 414 F. App'x 616, 618 (5th Cir. 2011).
[59] *Vaccaro v. United States*, 125 F.3d 852, 1997 WL 574977, at *1 (5th Cir. 1997) (quotation omitted) (emphasis added); *accord Manning v. Sumlin*, 540 F. App'x 462, 463 (5th Cir. 2011) (citing *Lewis*, 518 U.S. at 349-50); *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999); *Cochran v. Baldwin*, 196 F. App'x 256, 257-58 (5th Cir. 2006) (citing *Lewis*, 518 U.S. at 350-51); *Eason*, 73 F.3d at 1328.
[60] *Lewis*, 518 U.S. at 352-53.
[61] *Id*. at 355; *Jones*, 188 F.3d at 325 (observing that right of access to the court "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement"); *Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997) (holding that secondary legal activity not protected by constitution).
[62] *Lewis*, 518 U.S. at 354.
[63] *Id*. at 351, 352-53.
[64] *Ashcraft v. Cameron County*, No. 97-41219, 1998 WL 611201, at *3 (5th Cir. Aug. 17, 1998) ("A criminal defendant cannot complain that he was denied access to the courts while represented by counsel."); *accord Ford v. Foti*, No. 9430614, 1995 WL 241811, at *3 (5th Cir. Apr. 14, 1995) ("A criminal defendant who is represented by counsel has

establish actual injury to state a claim for denial of his right of access to the courts.[65] The "injury requirement is not satisfied by just any type of frustrated legal claim."[66] Rather, a plaintiff must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under § 1983.[67] Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to courts.[68] The injury requires a plaintiff to allege, at a minimum, that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered.[69] A plaintiff must describe the claim well enough to establish that its "arguable nature . . . is more than hope."[70] To show this type of actual-injury, the Court stated:

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to even file a complaint.[71]

Under *Lewis*, Ensley is entitled to some legal provisions necessary to attack his detention and challenge unconstitutional conditions of his confinement. There is no protected right, however, for Ensley to become a "litigating engine" to challenge every inconvenience he faces in his daily life in the jail or to simply use § 1983 forms to log a daily journal of events at the jail as he has done on the documents reviewed by this court. More importantly, Ensley has not alleged

---

meaningful access to the courts vis-a-vis the criminal action pending against him."); *Childs v. Scott*, No. 94-60723, 1995 WL 153057, at *1 (5th Cir. Mar. 22, 1995) ("If a criminal defendant is represented by counsel, he has constitutionally sufficient access to the courts."); *Webb v. Havins*, No. 93-1452, 1994 WL 286151, at *3 (5th Cir. June 13, 1994); *Crockett v. Carpenter*, No. 93-1480, 1994 WL 144645, at *3 (5th Cir. Apr. 5, 1994).
[65] *Lewis*, 518 U.S. at 349-50.
[66] *Id*. at 353.
[67] *Id*. at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)).
[68] *Id*. at 349.
[69] *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quotation omitted).
[70] *Id*. at 416 (internal quotation marks omitted).
[71] *Lewis*, 518 U.S. at 351.

that a lack of forms or not having his own private copy of the Bill of Rights has caused him to miss an opportunity to file a non-frivolous claim related to his criminal proceedings or an unconstitutional condition of his confinement. He has shown no required injury where he has received numerous forms and has accessed the electronic version of the Bill of Rights. His inability, if any, to present all of his grievances to this court through separate § 1983 form filings has not been due to a shortage of forms or any the alleged shortcomings in the jail's mailroom, but instead has been due to Ensley's failure to follow the clear instructions given to him by the clerk of this court and in the court's orders.

Ensley has failed to state a non-frivolous claim arising from any policy at the jail or the jail's failure to give him an endless number of federal forms and other documents. His § 1983 claims against Warden Fleischman and St. Tammany Parish Government should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e as frivolous and/or for failure to state a claim upon which relief can be granted.

## IV.  RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Mark H. Ensley's 42 U.S.C. § 1983 complaint against defendants Warden Daniel Fleischman, attorney Ross M. Lagarde, St. Tammany Parish Jail, St. Tammany Parish Sheriff's Office, and St. Tammany Parish Government be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915, § 1915A and as applicable 42 U.S.C. § 1997e as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief from an immune defendant.

It is further **RECOMMENDED** that Ensley's 42 U.S.C. § 1983 complaint against defendant the Louisiana Department of Public Safety and Corrections be **DISMISSED**

**WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915, § 1915A for lack of subject matter jurisdiction and for seeking relief from an immune defendant.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[72]

New Orleans, Louisiana, this  7th  day of November, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[72] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.